IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TERESA WRIGHT,** individually, and on behalf of others similarly situated,<br><br>   Plaintiff,<br>vs.<br><br>**THE SALVATION ARMY**, a New York Corporation,<br><br>   Defendant. | Civil Case No. |

**COLLECTIVE AND CLASS ACTION**
**COMPLAINT WITH JURY DEMAND**

  Plaintiff Teresa Wright, individually and on behalf of all others similarly situated, by and through her attorneys JTB Law Group, LLC, hereby brings this Collective and Class Action Complaint against Defendant The Salvation Army, and alleges upon information and belief, as follows:

**INTRODUCTION**

  1. Plaintiff brings this action for herself and all other similarly situated collective members to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* and attendant regulations at 29 C.F.R. § 516, *et seq*.

  2. Plaintiff also brings this action for herself and all other similarly situated Rule 23 class members to recover unpaid overtime wages, unpaid straight time wages, pre- and post-judgment interest, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the New Jersey Wage and Hour Laws and Regulations ("NJWHLR"), N.J.S.A. 34:11-56a *et seq.*, and New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1 *et seq*.

3. Defendant is an international charitable organization structured in a quasi-military fashion, which provides thrift stores and charity shops selling donated used items to raise funds for its rehabilitation programs.

4. Plaintiff and the putative FLSA collective and Rule 23 class members were hourly-paid thrift store workers including store managers, assistant store managers and associates/clerks who were victims of Defendant's common unlawful policies in violation of the FLSA, NJWHLR and NJWPL.

5. Specifically, Defendant required these hourly-paid thrift store workers to perform pre-shift and/or post-shift off-the-clock work without pay.

6. As a result of Defendant's common unlawful policies, these hourly-paid workers were not compensated straight time for work performed up to 40 hours per week and overtime at a rate of not less than one and one-half (1.5) times their regular rate of pay for work performed over 40 hours per week.

7. Plaintiff asserts the FLSA claims on behalf of a putative FLSA collective, defined as:

> *All hourly-paid store managers, assistant store managers and associates/clerks employed by Defendant at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

8. Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to all hourly-paid store managers, assistant store managers and associates/clerks of Defendant permitting them to assert FLSA claims in this collective action by filing their individual consent forms.

9. Plaintiff asserts the NJWHLR claims on behalf of a putative class pursuant to Fed. R. Civ. P. 23, defined as:

> *All hourly-paid store managers, assistant store managers and associates/clerks employed by Defendant in the State of New Jersey at any time from two (2) years*

> *prior to the filing of this Complaint through the date of judgment.*

10. Plaintiff asserts the NJWPL claims on behalf of a putative class pursuant to Fed. R. Civ. P. 23, defined as:

> *All hourly-paid store managers, assistant store managers and associates/clerks employed by Defendant in the State of New Jersey at any time from six (6) years prior to the filing of this Complaint through the date of judgment.*

11. Defendant has willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

12. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq*.

13. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as Plaintiff's federal claims.

14. The Court has personal jurisdiction over Defendant because it engages in systematic and continuous contacts with the State of New Jersey by, *inter alia*, employing individuals to work out of New Jersey, including Plaintiff, and Plaintiff's claims arise out of those contacts.

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and (3) because Defendant employed Plaintiff in this district and because a substantial portion of the events that give rise to the Plaintiff's claims occurred in this district.

## PARTIES

16. The Salvation Army maintains its national headquarters and/or principal place of

business at 615 Slaters Lane, Alexandria, Virginia 22313.[1]

17. Defendant is a New York not-for-profit corporation with a principal business address of 440 W Nyack Rd., West Nyack, New York 10994.

18. Plaintiff Teresa Wright is a resident of the County of Essex and State of New Jersey.

19. Ms. Wright was employed by Defendant as an hourly-paid employee from approximately October 30, 2015 through June 19, 2018.

20. Ms. Wright was an hourly-paid part-time associate/clerk from approximately October 30, 2015 through December 2015 at the Defendant's thrift store, located at 74 Pennington Street, Newark, New Jersey 07105.

21. Ms. Wright was an hourly-paid part-time associate/clerk from approximately December 2015 through April 14, 2016 at the Defendant's thrift store, located at 1059 Springfield Ave, Irvington, NJ 07111.

22. Ms. Wright's hourly rate was $8.45 as an associate/clerk.

23. Ms. Wright was an hourly-paid full-time store manager from approximately April 16, 2016 to June 19, 2018 at the Defendant's thrift store, located at 1059 Springfield Ave, Irvington, NJ 07111. .

24. Ms. Wright's final hourly rate was $12.07 before she was separated from the company.

25. Ms. Wright's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit A**.

## FACTUAL ALLEGATIONS

26. Defendant has operated and controlled an enterprise engaged in commerce as

---

[1] *See* Defendant's website: https://www.salvationarmy.org/ihq/usanational (last accessed August 9, 2018).

defined under the FLSA.

27. Defendant has generated over $500,000.00 in revenue per year.

28. Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

29. Defendant has engaged in ordinary commercial activities within the meaning of the FLSA that result in sales made or business done.

30. Defendant was the "employer" of Plaintiff and similarly situated store managers, assistant store managers and associates/clerks (collectively, the "thrift store workers") within the meaning of 29 U.S.C. § 203(d), N.J.S.A. 34:11-56a1(g) and N.J.S.A. 34:11-4.1a.

31. Thrift store workers including Plaintiff were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1), N.J.S.A. 34:11-56a1(h) and N.J.S.A. 34:11-4.1b.

32. Defendant "suffered or permitted" the thrift store workers including Plaintiff to work and thus "employed" them within the meaning of 29 U.S.C. §203(g) and N.J.S.A. 34:11-56a1(f).

33. Defendant, directly or indirectly, hired the thrift store workers including Plaintiff and determined the rate and method of the payment of their wages.

34. Defendant controlled the work schedules, duties, protocols, applications, assignments and conditions of employment of the thrift store workers including Plaintiff.

35. The store manager position at Defendant's thrift stores is classified as non-exempt from overtime.

36. The store manager position at Defendant's thrift stores is an hourly-paid position.

37. The assistant store manager position at Defendant's thrift stores is classified as non-exempt.

38. The assistant store manager position at Defendant's thrift stores is an hourly-paid position.

39. The associate/clerk position at Defendant's thrift stores is classified as non-exempt.

40. The associate/clerk position at Defendant's thrift stores is an hourly-paid position.

41. While employed as an associate/clerk, Plaintiff regularly worked approximately three (3) days a week.

42. While employed as a store manager, Plaintiff regularly worked five (5) days a week and on some occasions six (6) days a week.

43. While employed as a store manager, Plaintiff regularly worked over forty (40) hours a week.

44. In multiple weeks, Defendant paid Plaintiff forty (40) hours in a workweek at her regular hourly rate.

45. In some weeks, Defendant additionally paid Plaintiff overtime at a rate of one and one-half (1.5) times her regular hourly rate when she worked six (6) days a week.

46. Defendant failed to pay the thrift store workers for time spent performing pre-shift and/or post-shift work-related activities.

47. Defendant required the thrift store workers to perform pre-shift and/or post-shift off-the-clock work without pay.

48. During the course of her employment with Defendant including the periods when she was an associate/clerk and when she became a store manager, Plaintiff and other thrift store workers were required to perform pre-shift off-the-clock work for approximately an hour per workday.

49. Plaintiff was required to arrive at approximately 7:30 a.m. – an hour prior to the beginning of the regular shift time and store opening time – to perform off-the-clock work-related activities.

50. The pre-shift off-the-clock work included, but not limited to, pushing the gates up for the truck arrival, pricing the unloaded items and putting them on the shelves.

51. When Plaintiff was an associate/clerk, the then-store manager and assistant store manager were also required to arrive at approximately 7:30 a.m. to perform the same pre-shift off-the-clock work for approximately one (1) hour per workday.

52. When she was a store manager, the then-assistant store manager and associates/clerks with the key were also required to arrive at approximately 7:30 a.m. to perform the same pre-shift off-the-clock work for approximately one (1) hour per workday.

53. During the course of her employment with Defendant including the periods when she was an associate/clerk and when she became a store manager, Plaintiff and other thrift store workers were required to perform post-shift off-the-clock work for approximately thirty (30) minutes to one (1) hour after the end of the regular shift time and store closing time.

54. The post-shift off-the-clock work included, but not limited to, counting out, getting the bank deposit ready, cleaning the store and making deposits at the bank.

55. As a result of Defendant's common unlawful policies, the thrift store workers were not compensated straight time for work performed up to 40 hours per week and overtime at a rate of not less than one and one-half (1.5) times their regular rate of pay for work performed over 40 hours per week.

56. For instance, during the pay period of 3/14/16 to 3/27/16, even though Plaintiff worked *in excess of* twenty (25) hours in a week – and *in excess of* fifty (50) hours in two (2)

7

weeks – Defendant only paid Plaintiff for fifty (50) hours at her regular hourly rate, resulting in an underpayment of her straight time wages.   That is, she was not paid for time spent working off the clock.

57. For instance, during the pay period of 2/12/18 to 2/25/18, even though Plaintiff worked *in excess of* forty (40) hours in a week – and *in excess of* eighty (80) hours in two (2) weeks – Defendant only paid Plaintiff for eighty (80) hours at her regular hourly rate, resulting in a deprivation of overtime wages. That is, she was not paid for time spent working off the clock.

58. The thrift store workers have been subjected to the common unlawful policies and practices of Defendant as stated herein that violated the FLSA, NJWHLR and NJWPL.

59. Defendant's wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement practice or enforcement policy of such departments.

60. Defendant's violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

61. Plaintiff re-alleges and incorporates all previous paragraphs herein.

62. Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, for and on behalf of all hourly-paid thrift store workers including store managers, assistant store managers and associates/clerks who have been affected by Defendant's common policies and practices which include failure to properly pay for all hours worked resulting in a deprivation of overtime, in violation of the Fair Labor Standards Act, 29 U.S.C. §

201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq.*

63. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of:

> *All hourly-paid store managers, assistant store managers and associates/clerks employed by Defendant at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

64. Plaintiff brings this collective action against Defendant to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

65. The collective action further alleges a willful violation of the FLSA and seeks an additional, third year of limitations.

66. Plaintiff seeks to send Notice to all hourly-paid store managers, assistant store managers and associates/clerks of Defendant permitting them to assert FLSA claims in this collective action by filing their individual consent forms, as provided by 29 U.S.C. § 216(b) and supporting case law.

67. Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they had the same job positions and performed the same or similar job duties as one another on behalf of Defendant; (b) they were subject to the same or similar unlawful practices and policies as stated herein; and (c) their claims are based upon the same factual and legal theories.

68. The employment relationships between Defendant and every collective member

are the same and differ only by name, location, and rate of pay.

69. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendant's records.

70. Plaintiff and the putative FLSA collective members demand a trial by jury.

## RULE 23 CLASS ACTION ALLEGATIONS

71. Plaintiff re-alleges and incorporates all previous paragraphs herein.

72. Plaintiff also seeks to maintain this action pursuant to Fed. R. of Civ. P. 23, as an opt-out class action, for an on behalf all hourly-paid thrift store workers including store managers, assistant store managers and associates/clerks who have been affected by Defendant's common policies and practices which include failure to properly pay for all hours worked resulting in a deprivation of overtime time wages, in violation of the New Jersey Wage and Hour Laws and Regulations ("NJWHLR"), N.J.S.A. 34:11-56a *et seq*.

73. Plaintiff brings this Rule 23 class action as to the NJWHLR claims on behalf of:

> *All hourly-paid store managers, assistant store managers and associates/clerks employed by Defendant in the State of New Jersey at any time from two (2) years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

74. Plaintiff brings this Rule 23 class action as to the NJWHLR claims against Defendant to recover unpaid overtime time wages, pre- and post- judgment interest, and reasonable attorneys' fees and costs pursuant to N.J.S.A. 34:11-56a25 and 12:56-1.5.

75. Plaintiff also seeks to maintain this action pursuant to Fed. R. of Civ. P. 23, as an opt-out class action, for an on behalf all hourly-paid thrift store workers including store

managers, assistant store managers and associates/clerks who have been affected by Defendant's common policies and practices which include failure to properly pay for all hours worked resulting in underpayment of straight time wages, in violation of the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1 *et seq*.

76. Plaintiff brings this Rule 23 class action as to the NJWPL claims on behalf of:

> *All hourly-paid store managers, assistant store managers and associates/clerks employed by Defendant in the State of New Jersey at any time from six (6) years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

77. The members of the Rule 23 class are so numerous that joinder of all class members in this case would be impractical. The Rule 23 class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

78. There is a well-defined community of interest among the Rule 23 class members and common questions of law and fact predominate in this action over any questions affecting each individual class member. These common legal and factual questions, include, but are not limited to, the following: whether the Rule 23 class members were properly compensated straight time wages for work performed up to 40 hours per week and overtime wages at a rate of not less than one and one-half (1.5) times their regular rate of pay for work performed over 40 hours per week.

79. Plaintiff's claims are typical of those of the Rule 23 class members in that they and all other class members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. All of the class members were subject to the same corporate practices of Defendant, as alleged herein. Any lawsuit brought by an employee of Defendant would be identical to a suit brought by

managers, assistant store managers and associates/clerks who have been affected by Defendant's common policies and practices which include failure to properly pay for all hours worked resulting in underpayment of straight time wages, in violation of the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1 *et seq*.

76. Plaintiff brings this Rule 23 class action as to the NJWPL claims on behalf of:

> *All hourly-paid store managers, assistant store managers and associates/clerks employed by Defendant in the State of New Jersey at any time from six (6) years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

77. The members of the Rule 23 class are so numerous that joinder of all class members in this case would be impractical. The Rule 23 class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

78. There is a well-defined community of interest among the Rule 23 class members and common questions of law and fact predominate in this action over any questions affecting each individual class member. These common legal and factual questions, include, but are not limited to, the following: whether the Rule 23 class members were properly compensated straight time wages for work performed up to 40 hours per week and overtime wages at a rate of not less than one and one-half (1.5) times their regular rate of pay for work performed over 40 hours per week.

79. Plaintiff's claims are typical of those of the Rule 23 class members in that they and all other class members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. All of the class members were subject to the same corporate practices of Defendant, as alleged herein. Any lawsuit brought by an employee of Defendant would be identical to a suit brought by

any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

80. Plaintiff was employed by Defendant in the same capacity as all of the class members. All class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, failure to pay proper straight time and overtime wages. Thus, there are common questions of law and fact which are applicable to each and every one of the class members.

81. Plaintiff will fully and adequately protect the interests of the class members and have retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Plaintiff and her counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

82. Defendant's corporate-wide policies and practices affected all class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff's claim arises from the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiff and her counsel know of no unusual difficulties in this case.

83. Plaintiff and the Rule 23 class members demand a trial by jury.

### COUNT I
### (29 U.S.C. § 216(b) Individual Claims)
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.
### FAILURE TO PAY OVERTIME WAGES

84. Plaintiff re-alleges and incorporates all previous paragraphs herein.

85. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in

> commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

86. In multiple weeks, Plaintiff worked more than forty (40) hours per week.

87. Defendant failed to properly compensate Plaintiff for all hours worked as alleged herein.

88. Defendant failed to properly pay Plaintiff overtime wages at a rate of not less than one and one-half (1.5) times her regular rate of pay for all hours she worked in excess of forty (40) per workweek.

89. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

90. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

91. As a result of Defendant's uniform and common policies and practices described above, Plaintiff was illegally deprived of overtime wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

**COUNT II**
**(29 U.S.C. § 216(b) Collective Action Claims)**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**FAILURE TO PAY OVERTIME WAGES**

92. Plaintiff re-alleges and incorporates all previous paragraphs herein.

93. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in

> commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

94. In multiple weeks, Plaintiff and the FLSA collective members worked more than forty (40) hours per week.

95. Defendant failed to properly compensate Plaintiff and the FLSA collective members for all hours worked as alleged herein.

96. Defendant failed to properly pay Plaintiff and the FLSA collective members overtime wages at a rate of not less than one and one-half (1.5) times their regular rate of pay for all hours they worked in excess of forty (40) per workweek.

97. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

98. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

99. As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the FLSA collective members were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

**COUNT III**
**(Individual Claims)**
**Violation of the New Jersey Wage and Hour Laws and Regulations, N.J.S.A. 34:11-56a,** *et seq.*
**FAILURE TO PAY OVERTIME TIME WAGES**

100. Plaintiff re-alleges and incorporates all previous paragraphs herein.

101. In multiple weeks, Plaintiff worked more than forty (40) hours per week.

102. Defendant failed to properly compensate Plaintiff for all hours worked as alleged herein.

103. Defendant failed to properly pay Plaintiff overtime wages at a rate of not less than one and one-half (1.5) times her regular rate of pay for all hours she worked in excess of forty (40) per workweek.

104. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

105. As a result of Defendant's uniform and common policies and practices described above, Plaintiff was illegally deprived of overtime wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, pre and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to N.J.S.A. 34:11-56a25 and 12:56-1.5.

## COUNT IV
### (Fed R. Civ. P. 23 Class Action Claims)
**Violation of the New Jersey Wage and Hour Laws and Regulations, N.J.S.A. 34:11-56a,** *et seq.*
**FAILURE TO PAY OVERTIME TIME WAGES**

106. Plaintiff re-alleges and incorporates all previous paragraphs herein.

107. In multiple weeks, Plaintiff and the Rule 23 class members worked more than forty (40) hours per week.

108. Defendant failed to properly compensate Plaintiff the Rule 23 class members for all hours worked as alleged herein.

109. Defendant failed to properly pay Plaintiff the Rule 23 class members overtime wages at a rate not less than one and one-half (1.5) times their regular rate of pay for all hours they worked in excess of forty (40) per workweek.

110. Defendant's conduct and practices, described herein, were willful, intentional,

unreasonably, arbitrary, and in bad faith.

111. As a result of Defendant's uniform and common policies and practices described above, Plaintiff the Rule 23 class members were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, pre and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to N.J.S.A. 34:11-56a25 and 12:56-1.5.

**COUNT V**
**(Individual Claims)**
**Violation of the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1,** *et seq.*
**FAILURE TO PAY STRAIGHT TIME WAGES**

112. Plaintiff re-alleges and incorporates all previous paragraphs herein.

113. Defendant failed to properly compensate Plaintiff for all hours worked as alleged herein.

114. Defendant failed to properly compensate Plaintiff straight time wages for work performed up to 40 hours per week.

115. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

116. As a result of Defendant's uniform and common policies and practices described above, Plaintiff was illegally deprived of straight time wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, pre and post-judgment interest and other compensation pursuant to N.J.S.A. 34:11-4.1, *et seq*.

**COUNT VI**
**(Fed R. Civ. P. 23 Class Action Claims)**
**Violation of theNew Jersey Wage Payment Law, N.J.S.A. 34:11-4.1,** *et seq.*
**FAILURE TO PAY STRAIGHT TIME WAGES**

117. Plaintiff re-alleges and incorporates all previous paragraphs herein.

118. Defendant failed to properly compensate Plaintiff the Rule 23 class members for all hours worked as alleged herein.

119. Defendant failed to properly compensate Plaintiff and the Rule 23 class members straight time wages for work performed up to 40 hours per week.

120. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

121. As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the Rule 23 class members were illegally deprived of straight time wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, pre and post-judgment interest and other compensation pursuant to N.J.S.A. 34:11-4.1, *et seq*.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendant:

(A) A declaratory judgment that Defendant's wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(B) A declaratory judgment that Defendant's wage practices alleged herein violate the New Jersey Wage and Hour Laws and Regulations, N.J.S.A. 34:11-56a *et seq.*, and New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 *et seq.*;

(C) An Order for injunctive relief ordering Defendant to comply with the FLSA, NJWHLR and NJWPL and end all of the illegal wage practices alleged herein;

(D) Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with

respect to the FLSA claims set forth herein;

(E) Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the NJWHLR and NJWPL claims set forth herein;

(F) Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective and Rule 23 class members;

(G) Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(H) Designating Lead Plaintiff as the representatives of the FLSA collective and Rule 23 class in this action;

(I) Designating the undersigned counsel as counsel for the FLSA collective and Rule 23 Class in this action;

(J) Judgment for damages for all unpaid overtime compensation and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(K) Judgment for damages for all unpaid overtime compensation and pre- and post- interest to which Plaintiff and the Rule 23 class members are lawfully entitled under the NJWHLR, N.J.S.A. 34:11-56a *et seq.*;

(L) Judgment for damages for all unpaid straight time wages and pre- and post- interest to which Plaintiff and the Rule 23 class members are lawfully entitled under the NJWPL,

N.J.S.A. 34:11-4.1 *et seq.*;

(M)  An incentive award for the Lead Plaintiff for serving as representative of the FLSA collective and Rule 23 class in this action;

(N)  An award for reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA and NJWHLR;

(O)  Judgment for any and all civil penalties to which Plaintiff and the FLSA collective and Rule 23 class members may be entitled; and

(P)  Such other and further relief as to this Court may deem necessary, just and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of all other FLSA collective and Rule 23 class members, by and through her attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: August 14, 2018              /s/ *Jason T. Brown*
                                                                                          Jason T. Brown
                                                                                          Nicholas Conlon
                                                                                          Ching-Yuan Teng (*pro hac vice pending*)
                                                                                          **JTB LAW GROUP, LLC**
                                                                                          155 2nd St., Suite 4
                                                                                          Jersey City, NJ 07302
                                                                                         T: (877) 561-0000
                                                                                         F: (855) 582-5297
                                                                                         jtb@jtblawgroup.com
                                                                                         nicholasconlon@jtblawgroup.com
                                                                                         tonyteng@jtblawgroup.com

                                                                                         *Attorneys for Plaintiff*